## Charles J. Webb & Company, Incorporated, *v.* Novelty Hosiery Company, Appellant.

*Contract—Sales—Irregular deliveries—Time not essence of contract—Notice—Damages.*

1. Where the times and quantities of the deliveries specified in a contract of sale have not been observed strictly by either the seller or the purchaser nor insisted upon by either, the purchaser cannot suddenly rescind his contract with the seller without a fair warning of his intention to insist upon a literal compliance with it in future.

2. Where a purchaser has wrongfully rescinded a contract of sale, the seller is entitled to recover the difference between the market price of the goods at the date of the rescission and the contract price, with interest.

3. Where a purchaser has wrongfully rescinded a contract of sale, the fact that the seller subsequently accepted a check for the last delivery with the words written on the face of it "account in full," does not release the purchaser from liability for damages for his wrongful rescission of the contract.

Argued Jan. 31, 1911. Appeal, No. 60, Jan. T., 1910, by defendant, from judgment of C. P. Lehigh Co., June T., 1908, No. 39, for plaintiff on case tried by the court without a jury in suit of Charles J. Webb & Company, Inc., v. The Novelty Hosiery Company. Before Brown, Mestrezat, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Assumpsit for breach of contract for sale of yarn to be delivered weekly.

The case was tried by Trexler, P. J., without a jury under the Act of April 22, 1874, P. L. 109.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the court entered judgment for plaintiff for $5,672.88, together with legal interest from January 13, 1908, which was the date of defendant's breach. The damages were ascertained by taking the difference between the market price of the yarn at the date of the breach and the contract price and allowing interest from the date of the breach.

*Error assigned* among others was the judgment of the court.

*Preston K. Erdman*, with him *Edward Harvey*, for appellant.

*William W. Porter*, of *Porter, Foulkrod & McCullagh*, with him *W. La Monte Gillette*, for appellee.

PER CURIAM, April 10, 1911:

The claim of the appellee is for damages resulting from the defendant's rescission of a contract to purchase yarn. The contention of the appellant is that time was of the essence of its contract with the plaintiff, and, as the latter had failed to make the deliveries required by the contract, it had the right to rescind. A jury trial was waived and the case was tried before the learned president judge of the court below under the provisions of the act of April 22, 1874. He found that it was the understanding of the parties, confirmed by the course of dealing between them, that the times and quantities of the deliveries were not of the essence of the contract, but could be varied from time to time as circumstances might dictate, and that the times and quantities of the deliveries specified in the contract were not observed strictly by either the plaintiff or defendant nor insisted upon by either. The evidence in the case fully justified this finding, and the defendant could not, therefore, suddenly rescind its contract with the plaintiff without a fair warning of its intention to insist upon a literal compliance with it in futuro: Forsyth v. North

American Oil Co., 53 Pa. 168.   In assessing the damages
to which the plaintiff was entitled the rule was followed as
laid down in Unexcelled Fire Works Co. v. Polites, 130
Pa. 536; Jones et al. v. Jennings Bros. & Co., 168 Pa. 493,
and Sharpsville Furnace Co. v. Snyder, 223 Pa. 372.

The check accepted by the plaintiff, with the words
written on the face of it "account in full," merely paid the
amount due for the goods shipped up to December 16,
1907, and was, of course, in full payment of that account,
but, as the court correctly found, "It was no release on the
part of the plaintiff of any damages it may have sustained
by reason of the rescission of the contract."

The assignments of error are overruled and the judgment
is affirmed.